UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

SCOTT McMULLEN,                              CIVIL ACTION

   Plaintiff                                NO.

VS.

NATIONAL RAILROAD PASSENGER
CORPORATION,

   Defendant
_____X

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3. The plaintiff is domiciled in Warwick, Rhode Island.

4. The defendant, National Railroad Passenger Corporation, (hereinafter referred to as defendant Railroad), is a railroad corporation duly established by law and operates a railroad between Washington, D.C. and Boston, Massachusetts and has a usual place of business in Boston, Massachusetts.

## FACTS

5. During all times herein mentioned, the defendant Railroad was a common carrier engaged in the business of interstate commerce.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as an Electrician.

7. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about September 1, 2015, the plaintiff was engaged in his duties as an Electrician at or about East Foxborough, Massachusetts, which yard, lines, tracks, paralleling station, rails, engines, trains, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant Railroad.

9. At the time the plaintiff received the injuries complained of, he was overcome by Sulfur Hexafluoride ($SF_6$) gas which caused him to be disoriented, dizzy, and

unconscious. As a result, plaintiff fell to the ground and sustained a traumatic dislocation of his left shoulder and an abrasion to his left knee.

10. At the time the plaintiff received the injuries complained of the Power Director knew or should have known that there was a low gas alarm in the paralleling station.

11. The defendant Railroad, its agents, servants, and employees had a duty to provide the plaintiff with a reasonably safe place to work and failed to do so.

## AS AND FOR A FIRST CAUSE OF ACTION

12. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth herein.

13. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

a) it failed to train the plaintiff on working with $SF_6$ gases even though he had requested the required training;

b) it failed to warn the plaintiff that the Power Director had detected a low gas alarm in the parallel station;

c) it failed to respond to a gas leak with trained personnel using pre-planned procedures;

d) it failed to train the plaintiff on responding to an $SF_6$ gas leak;

e) it failed to respond to an $SF_6$ gas leak with trained personnel;

f) it failed to provide the plaintiff with a respirator;

g) it failed to provide the plaintiff with a self-contained breathing apparatus (SCBA) or positive pressure airline with mask to be used in oxygen-deficient atmospheres;

h) it failed to provide information to the plaintiff by means of a hazard communication program, safety data sheets, and information and training;

i) it failed to act in a reasonably prudent manner under the facts and circumstances surrounding the incident.

14. As a result of the negligence in whole or in part of the defendant Railroad, its agents, servants, or employees, the plaintiff was injured and sustained an abrasion to his left knee; a large labral tear of his left shoulder involving the superior, posterior and inferior labrum; supraspinatus and infraspinatus tendinosis with interstitial partial tear; AC and glenohumeral joint arthrosis. The plaintiff was required to undergo surgery to his left shoulder involving debridgement of extensive synovitis from throughout the glenohumeral joint; a biceps tendon tenotomy; removal of multiple large loose bodies from the glenohumeral joint; an arthroscopic anterior labral tear repair; an arthroscopic posterior labral tear repair; and an arthroscopic subacromial bursectomy with minimal acromioplasty.

15. As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, including but not limited to furnishing him with a safe environment, the plaintiff was injured.

16. As a result of the said injuries, the plaintiff has lost wages and benefits, incurred medical expenses, suffered physical pain and mental anguish and will continue to do so in the future, has permanent loss of function, and has an impairment to his future earning capacity.

## AS AND FOR A SECOND CAUSE OF ACTION

17. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 11 of this Complaint with the same force and effect as if set forth under this cause of action.

18. The defendant Railroad, its agents, servants, and employees, were in violation of 29 CFR 1910 and negligent per se pursuant to 45 U.S.C. § 54(a) in one or more of the following ways:

 a) it failed to respond to an $SF_6$ gas leak with trained personnel using pre-planned procedures;

 b) it failed to provide information to the plaintiff by means of a hazard communication program, safety data sheets, and information and training;

c) it failed to provide the plaintiff with a self-contained breathing apparatus (SCBA) or positive pressure airline with mask to be used in oxygen-deficient atmospheres.

19. As a result of one or more of these violations by the defendant Railroad, its agents, servants, or employees, the plaintiff was injured and sustained an abrasion to his left knee; a large labral tear of his left shoulder involving the superior, posterior and inferior labrum; supraspinatus and infraspinatus tendinosis with interstitial partial tear; AC and glenohumeral joint arthrosis.  The plaintiff was required to undergo surgery to his left shoulder involving debridgement of extensive synovitis from throughout the glenohumeral joint; a biceps tendon tenotomy; removal of multiple large loose bodies from the glenohumeral joint; an arthroscopic anterior labral tear repair; an arthroscopic posterior labral tear repair; and an arthroscopic subacromial bursectomy with minimal acromioplasty.

20. As a result of the said injuries, the plaintiff has lost wages and benefits, incurred medical expenses, suffered physical pain and mental anguish and will continue to do so in the future, has permanent loss of function, and has an impairment to his future earning capacity.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>.

By his attorneys,

By _____
George J. Cahill, Jr. (BBO #069480)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904
cahill@trainlaw.com